OPINION *Page 2 
{¶ 1} Plaintiff-appellant the State of Ohio appeals the June 21, 2007 Judgment Entry of the Stark County Court of Common Pleas sustaining Defendant-appellee James Lamont Bouie's motion to suppress evidence.
 STATEMENT OF THE CASE AND FACTS {¶ 2} The Stark County Grand Jury indicted Appellee and a co-defendant, Robert Hamilton Johnson[1], charging them both with one count of trafficking in cocaine, and one count of possession of cocaine. Based on the amount involved, both offenses were charged as felonies of the second degree.
 {¶ 3} On June 12, 2007, appellee filed a motion to suppress cocaine found on his person while riding in the car, as well as a large amount of cash found on Johnson's person. Appellee was the passenger in a car that the co-defendant Johnson was driving. The trial court conducted a hearing on the motion to suppress on June 15, 2007.
 {¶ 4} At the evidentiary hearing on appellee's motion to suppress, the following facts were established:
 {¶ 5} On the afternoon of April 3, 2007, Sgt. John Dittmore of the Canton Police Department observed two parole officers in a high crime neighborhood in Canton investigating the neighborhood and checking in on the homes of parolees. Sgt. Dittmore engaged in a conversation with the parole officers. During the conversation, Dittmore saw a car with tinted windows and no front license plate drive west on Lippert Road. As the car drove past him, Dittmore noticed the car had a Michigan rear license *Page 3 
plate. Dittmore turned his car around and decided to follow the car. The parole officers followed behind Dittmore to provide assistance.
 {¶ 6} Dittmore followed the car for several blocks. While following the car, Dittmore observed the car turn left into a parking lot, only turning on the turn signal as the car was making the turn, instead of the required distance before turning.[2],[3]
 {¶ 7} Dittmore immediately activated his cruiser lights to affect a traffic stop in the parking lot. The parole officers pulled in right behind Dittmore to assist.
 {¶ 8} As Dittmore approached the vehicle, he noticed two people in the front seat and one in the back. The person in the rear seat was making frantic movements, which alarmed Dittmore. Dittmore approached the front of the vehicle and asked the driver, Johnson, for his operator's license and identification. All three occupants of the vehicle were residents of Pontiac, Michigan.
 {¶ 9} Parole Officer Rick Polinori asked the passengers if anyone was on parole, to which appellee, responded he was. Polinori asked appellee to exit the car, and asked him if he had anything on him before he searched him. Appellee told Polinori he did not, and the parole officer conducted the search. While patting him down, Polinori felt a large lump in the back of appellee's buttocks. As Polinori shook *Page 4 
appellee's pants, a bag of crack cocaine fell to the ground. All three passengers were then placed under arrest.
 {¶ 10} Via Judgment Entry of June 21, 2007, the trial court sustained Appellee's motion to suppress the evidence.
 {¶ 11} The State now appeals, assigning as error:
 {¶ 12} "I. THE TRIAL COURT ERRED IN SUSTAINING THE MOTION TO SUPPRESS BECAUSE THE POLICE OFFICER'S MOTIVATION OR PRETEXT FOR MAKING A TRAFFIC STOP IS IRRELEVANT AS LONG AS THERE IS PROBABLE CAUSE TO MAKE THE STOP."
 {¶ 13} The trial court's June 21, 2007 Judgment Entry states:
 {¶ 14} "At the time that Sergeant Dittmore first observed the vehicle traveling on Lippert, he was not able to articulate any reasonable suspicion of criminal behavior. He noted that the car had tinted windows, that the area on Lippert was an area of drug activity and that the car was from Michigan. However, the vehicle was not stopped and there was no activity going on around or in the car that would give rise to any suspicion that would differentiate it from any other vehicle traveling on Lippert at 2:00 p.m. on that date. Not withstanding the absence of any basis, Sergeant Dittmore made a decision to stop the vehicle and communicated that decision to Parole Officer Polinori. Parole Officer Polinori agreed to back up Sergeant Dittmore and followed Sergeant Dittmore's car. Thereafter, Sergeant Dittmore testified that he observed the traffic violation that gave rise to the stop in that he observed the vehicle beginning to turn before activating the turn signal.[4] *Page 5 
 {¶ 15} "While the Court acknowledges the body of law that a pretextural basis may be utilized to stop a vehicle, that doctrine does not apply to the situation where a decision to stop a vehicle is not based on a reasonable suspicion of criminal activity but rather is based solely on the desire of an officer to stop the vehicle and the decision is articulated as in the present case and the subsequent following of the car by the officer is only to establish a pretext. The subsequent creation of a pretext to effectuate the stop of the vehicle puts the officer and the entire system in the untenable position of encouraging the creativity of officers in forming a reason to stop a car and the loss of faith in the rule of law. This case is different from one where the officer has a suspicion and then follows the car to effectuate a stop using the pretext of a traffic violation. This later type of case also leads to creative traffic enforcement but has been condoned."
 {¶ 16} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E .2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the *Page 6 
ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App .3d 623, 620 N.E.2d 906; Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S., (1996),517 U.S. 690, 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 17} In Whren v. United States (1996), 517 U.S. 806, the United States Supreme Court held:
 {¶ 18} "The temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate theFourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the motorist absent some additional law enforcement objective." Whren at 1771.
 {¶ 19} Less than one month later, the Ohio Supreme Court reached a similar decision in City of Dayton v. Erickson (1996), 76 Ohio St.3d 3,665 N.E.2d 1091. In Erickson, the Court stated:
 {¶ 20} "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Id. at syllabus. *Page 7 
 {¶ 21} Based on the above, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist. In fact, the Ohio Supreme Court stated that "* * * we conclude that where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlyingsubjective intent or motivation for stopping the vehicle inquestion." (Emphasis added.) Id. at 11-12, 665 N.E.2d 1091. See, also,State v. Rice, Fifth Dist. No. 2005CA00242, 2006-Ohio-3703 at ¶ 33-34;State v. Rice (Dec. 23, 1999), 5th Dist. No. 99CA48.
 {¶ 22} In State v. Johnson, Stark App. No. 2007CA00180, Assignment of Error I, this court reviewed the same issues herein with respect to appellant's co-defendant, Robert Hamilton Johnson, and found they lacked merit. We concur with the comprehensive analysis of the opinion by Judge Hoffman in Johnson, supra and deny appellant's arguments herein. *Page 8 
 {¶ 23} Based upon the binding precedent set forth above, we find the trial court erred as a matter of law in granting Appellee's motion to suppress. Accordingly, the June 21, 2007 Judgment Entry of the Stark County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with the law and this opinion.
By Gwin, P.J., Wise, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 21, 2007 Judgment Entry of the Stark County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with the law and this opinion. Costs to appellee.
[1] Mr. Johnson has separately filed an appeal. See, State v.Johnson, 5th Dist. No. 2007CA00180
[2] The traffic code of both the State of Ohio and the City of Canton require a signal of intention to turn "be given continuously during not less than the last one hundred feet traveled by the vehicle . . . before turning." O.R.C. 4511.39(A); Canton Ordinance 331.14(a).
[3] Upon review of Officer Dittmore's testimony, he states he observed Appellant commit a traffic violation by not using a signal "within 200 feet of the change of course turn." Defendant-appellee does not contend in his brief to this Court that he did not commit a technical violation of the statute. Though Officer Dittmore misstates the required distance requirement of the statute as being 200 feet, as opposed to 100 feet, his testimony renders the misstatement inconsequential as the testimony clearly establishes Officer Dittmore observed the vehicle beginning to turn before activating the signal, as required by the statute.
[4] See, Footnote 2. *Page 1